UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMEL VICTOR THORNTON,

    *Plaintiff*,

  v.

JOSEPH R. BIDEN, JR.,

    *Defendant*.

Civil Action No. 25-00178 (AHA)

## Memorandum Opinion

    Jamel Thornton sues former President Joseph R. Biden, alleging President Biden failed to disclose information about his health and that health issues compromised his ability to perform his duties as President. Thornton claims this conduct violates multiple constitutional provisions, and he seeks a "judicial determination of the President's fitness for office, an order requiring the disclosure of relevant medical and cognitive evaluations necessary to assess the President's capacity to execute his constitutional responsibilities, and a writ of mandamus directing" certain executive branch officials "to fulfill their constitutional obligations under the Twenty-Fifth Amendment." ECF No. 1 ¶ 10. President Biden moves to dismiss, arguing, among other things, that Thornton does not have standing. The court agrees and grants the motion.

    When considering a motion to dismiss for lack of subject matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat. Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Because Thornton is proceeding pro se, the court is careful to give extra leeway, evaluating the complaint "in light of all filings." *Ho v. Garland*, 106 F.4th

47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). To have standing, a plaintiff must plausibly allege they have "suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). If a plaintiff fails to establish standing, the court "lack[s] jurisdiction to reach the merits." *Id.* at 56.

Thornton does not have standing because he does not allege concrete and particularized injury. The complaint alleges President Biden's "refusal to release critical health information undermines public trust, creates uncertainty about his capacity to govern, and poses systemic risks to state sovereignty, individual rights, and national stability." ECF No. 1 ¶ 5. The complaint also alleges various actions and policy decisions by President Biden that Thornton believes evince cognitive and physical impairments and a lack of forthrightness about such alleged impairments. *Id.* ¶¶ 23–61. But Thornton fails to allege any particular harm to him. Rather, he alleges "precisely the kind of undifferentiated, generalized grievance[s] about the conduct of government that [courts] have refused to countenance in the past." *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Because Thornton has not adequately alleged injury, he does not have standing.

Accordingly, President Biden's motion to dismiss is granted, and this action is dismissed without prejudice.

A separate order accompanies this memorandum opinion.

AMIR H. ALI
United States District Judge

Date:   January 22, 2026